### RILEY ORR v. WAYNE BEACHBOARD.

#### (Filed 20 August, 1930.)

**Insane Persons I a—Court is without authority to appoint guardian ad litem for person after he has been cured of insanity.**

> Where a party to an action has become insane and placed in a State institution therefor, and is thereafter released therefrom as sane, C. S., 6214, the court is without authority, after his regaining his sanity, to appoint a guardian *ad litem* for him, C. S., 451, and notice to the guardian so appointed as to the taking of depositions of witnesses does not comply with the required statutory notice, C. S., 1810, and upon objection, the depositions so taken should be excluded.

CIVIL ACTION, before *Moore, J.,* at January Term, 1930, of GRAHAM.

The plaintiff instituted an action against the defendant alleging that the defendant had collected from him the sum of $400 to be paid to an auditor who was employed by the defendant to audit the plaintiff's accounts as sheriff and tax collector of Graham County. The defendant filed answer denying that he was indebted to the plaintiff, and alleged that the money paid him by plaintiff was in settlement of professional services. After the defendant's answer had been filed he was adjudged insane and committed to the State Hospital at Raleigh. The wife of defendant, Mary Beachboard, was duly appointed guardian of the defendant. An order was thereafter duly issued requiring Mary Beachboard, guardian, to appear and defend the action, but this order was returned with a notation to the effect that Mary Beachboard was not to be found in Buncombe County or North Carolina, and was said to be in New York City. At a subsequent term on 4 June, 1929, the plaintiff filed an affidavit in the cause to the effect that Mary Beachboard, guardian of the defendant, was in New York City and beyond the jurisdiction of the Superior Court of Buncombe County, and that there was no way to serve notice on said guardian to appear in court. Whereupon, the affiant asked the court to appoint a guardian *ad litem* for the defendant. Thereupon Judge McElroy appointed T. M. Jenkins guardian *ad litem* for said defendant. At the trial the plaintiff offered in evidence the deposition of Fred A. Hull. Counsel representing the defendant objected to the deposition upon the ground that no notice had been given defendant of the time and place for taking said deposition. The evidence tended to show that the only notice given of taking said deposition was that given to T. M. Jenkins, guardian *ad litem,* who was present at the taking of the deposition. It further appears that there "was read into the record" a certificate of Dr. Albert Anderson, superintendent of Dix Hill State Hospital, Raleigh, N. C., dated 11 May, 1929, as follows: "This is to certify that Wayne Beachboard, an insane person, was sent to this hospital from Buncombe County, and that, in my opinion, he having become of sane mind, has been discharged as cured, in accordance with the provisions of section 6214, Consolidated Statutes of 1919." Hence at the time the guardian *ad litem* was appointed for the defendant and at the time the deposition was taken the defendant had been discharged from the hospital for the insane in accordance with the provisions of C. S., 6214.

There was judgment for the plaintiff and the defendant appealed.

*R. L. Phillips for plaintiff.*
*Calvin R. Edney, S. J. Pegram and James E. Rector for defendant.*

BROGDEN, J. Can a guardian *ad litem* be appointed for a sane person, and is the act of such guardian *ad litem* in conducting litigation for such person binding?

The plaintiff instituted an action against the defendant alleging a misappropriation of money. The defendant filed an answer denying the allegations of the complaint. Thereafter the defendant was adjudged insane and confined in the State Hospital at Raleigh. His wife was duly appointed his general guardian. On 11 May, 1929, the defendant was discharged from the hospital in accordance with C. S., 6214, upon the ground that he was then of sane mind. Subsequently, in June, 1929, without notice to the defendant or his general guardian, and without having the general guardian removed as provided in C. S., 2158, the court proceeded to appoint a guardian *ad litem* to defend the action for and in behalf of defendant. The guardian *ad litem* so appointed undertook to accept service of notice of the taking of deposition and appeared at the taking of said deposition, said deposition being taken at the instance of plaintiff. C. S., 451, empowers the court to appoint a guardian *ad litem* for infants, idiots, lunatics, or persons *non compos mentis*. Therefore, at the time the guardian *ad litem* was appointed the defendant did not fall within the classification provided in the statute, and there was no authority or warrant of law for such appointment. C. S., 1810, requires notice to take deposition to be "served upon the adverse party or his attorney" by the party at whose instance such deposition is taken. The case at bar discloses that no such notice was given and the deposition objected to in apt time should have been excluded from consideration by the jury.

A motion to dismiss the appeal was lodged by the plaintiff, but it appears that certain stipulations of counsel attached to the record preclude the granting of such motion.

New trial.