IN THE MATTER OF WILL OF JOHN W. CRABTREE, Deceased.

(Filed 10 December, 1930.)

1. **Wills D. h—Mere fact that testator had served as juror is incompetent on issue of mental capacity.**

   In an action involving the mental capacity of a testator to make the will in controversy, there being evidence that he had been committed to a hospital for the insane, with further evidence that he had been discharged as cured, C. S., 6214: *Held*, the admission of evidence to the effect that he had since served on the jury in the trial of several cases without indication that it was to be followed by testimony as to capacity to serve is reversible error.

2. **Same—Where testator has been discharged from asylum as cured his commitment therein raises no presumption of mental incapacity.**

   Where it is shown that the testator upon the caveat of his holographic will has been committed to an insane asylum: *Held*, upon the issue of his testamentary capacity an instruction that "a will duly probated in accordance with the formalities of law is presumed to be valid" is not objectionable, there being no presumption of mental incapacity by reason of the commitment in the asylum when it has been shown that the testator had been discharged as restored or cured by a certificate issued in accordance with the provisions of C. S., 6214. *Jones v. Winstead*, 186 N. C., 536, cited as controlling.

CIVIL ACTION, before *Harris, J.*, at June Term, 1930, of ORANGE.

On 10 September, 1926, John W. Crabtree duly made and executed his last will and testament. The testator died in 1929, at the age of 77 years. A caveat was filed to the will on or about 17 August, 1929. On 17 August, 1900, the testator was duly committed to the State Hospital for the Insane at Morganton, North Carolina, and thereafter on 4 May, 1901, the testator was duly discharged from said hospital.

The following issues were submitted to the jury:

"1. Was the paper-writing offered for probate as the last will and testament of John W. Crabtree signed and executed according to law?

2. If so, did the said John W. Crabtree have mental capacity to make a will?

3. If so, was the execution of said paper-writing procured by undue influence?

4. Is the paper-writing propounded, and every part thereof, the last will and testament of John W. Crabtree, deceased?"

There was no evidence offered as to undue influence, but there was much evidence that at the time of making the will the testator did not have sufficient mental capacity, and there was also much evidence to the contrary.

The jury answered the first issue "Yes"; the second issue "Yes"; the third issue "No," and the fourth issue was answered "Yes," by consent.

From judgment upon the verdict the caveator appealed.

*McLendon & Hedrick for caveators.*
*Graham & Sawyer for propounders.*

BROGDEN, J. Is evidence that the testator served on a jury in his county, about a year before the date of the will, competent upon the question of mental capacity?

The record shows that "the propounders offered in evidence minute docket of Orange Superior Court, October Term, 1925, showing that John W. Crabtree served as a regular juror in the trial of several cases." This evidence was admitted and the caveators excepted and assigned the ruling of the court as error. The competency of such evidence was construed in *Ray v. Ray,* 98 N. C., 566. In that case the propounders proposed to prove that after the execution of the will the testator acted as foreman of the grand jury in Yancey County, and that he also held office in that county. Upon objection the evidence was excluded and the propounders excepted. The Court said: "It does not appear, unless inferentially, for what purpose the information was sought to be elicited, or that a favorable response was to be followed by an inquiry as to the intelligence with which the duties thus imposed were performed. The question would be pertinent only in this view, and its purpose ought to have been stated. It may be that the witness had no personal knowledge on this point, and only knew that the deceased had occupied these places. It was due to the presiding judge to be thus informed, if the object was to proceed further in the examination, as well as conducive to a fair trial, and not leave the ruling to rest upon the naked facts of official service, in which the evidence would have been restricted to showing mental capacity. We do not, therefore, reverse the ruling of the court under the circumstances."

So, in the present case, the evidence objected to, rests upon the naked fact of jury service and no more. Hence the exception taken by the caveators is sound and tenable and is sustained.

The court charged the jury in substance that a will duly executed by the maker thereof, in accordance with the formalities of law, is presumed to be a valid paper-writing and the maker presumed to have capacity to make such instrument, in the absence of fraud or undue influence. The caveators insist that it having been shown that the testator was committed to the insane asylum in 1900 that the presumption of sanity or of mental capacity was thereby rebutted. However, the record discloses that the defendant was duly discharged from custody on 4 May, 1901, and a certificate of sanity or restoration issued in accordance with C. S., 6214. This section of the Revisal was in full effect at the time the certificate of discharge was issued. Moreover it appears that for a period of twenty-eight years after such certificate of discharge the testator transacted business and looked after his affairs. Hence the principle enunciated and applied in *Jones v. Winstead*, 186 N. C., 536, is pertinent and controlling upon the facts disclosed by the record. See, also, *Orr v. Beachboard*, 199 N. C., 276.

New trial.